UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARCUS MALONE,  Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 21-2072 |
| B. RYAN and GLENN SHEIVE,  Defendants. | ) ) ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Dentists B. Ryan and Glen Sheive violated his constitutional rights while he was incarcerated at the Kankakee County Jail. Plaintiff saw Defendant Dr. Ryan in September of 2020 and asked the Dentist to remove his wisdom teeth. The Defendant told Plaintiff he had three wisdom teeth and it would be difficult for him to remove them. Therefore, Defendant Dr. Ryan said he would have to refer Plaintiff to an outside dentist. Plaintiff maintains the Dentist was incorrect because Plaintiff had only two wisdom teeth.

1

In December of 2020, Plaintiff was referred to an outside dentist, Defendant Dr. Sheive. The Defendant reviewed Plaintiff's medical records and took x-rays. While not entirely clear, it appears Plaintiff is alleging the Defendant then pulled the wrong tooth because he pulled a molar tooth. Plaintiff provides no further details, nor does he state what relief he is seeking.

Plaintiff has not clearly articulated a claim against Defendant Dentist Dr. Ryan. The Defendant stated he could not perform the procedure and Plaintiff was approved to see an outside dentist. Plaintiff does not allege there were any problems due to a delay in the referral.

Plaintiff has also failed to clearly articulate a claim against Defendant Dr. Sheive. Plaintiff claims the Defendant pulled the wrong tooth because he pulled a molar tooth. However, "[i]mpacted wisdom teeth are third molars at the back of the mouth."[1] In other words, wisdom teeth are molar teeth.

Nonetheless, Plaintiff may have intended to claim he was provided with inappropriate care which impacted his medical condition. Since Plaintiff is proceeding *pro se*, the Court will allow Plaintiff an opportunity to file an amended complaint clarifying both his claim and the involvement of the Defendants. The proposed

---

[1] *See* MAYO CLINIC: IMPACTED WISDOM TEETH, https://www.mayoclinic.org/diseases-conditions/wisdom-teeth/symptoms-causes/syc (last visited July 27, 2021)

amended complaint must stand complete on its own, must include all claims and Defendants, and must not refer to the original complaint.

When he saw the first dentist, Plaintiff should clearly state what specific problems he was having, if any, and what response he received. Plaintiff should also state why he believes Defendant Dr. Ryan violated his constitutional rights.

In addition, Plaintiff should clearly state what occurred when he saw Defendant Dr. Sheive. Why does Plaintiff believe the Dentist pulled the wrong tooth? Did any medical professional tell Plaintiff it was the wrong tooth? Did Plaintiff suffer any problems after the procedure? Did he inform any medical staff about those problems and if so, when?

Finally, Plaintiff should also state whether he was a pretrial detainee or a convicted prisoner at the time of his allegations. Plaintiff's status at the jail will determine whether the Fourteenth or Eighth Amendment standard applies to his claims. *See McCann v. Ogle Cty.*, 909 F.3d 881, 886 (7th Cir. 2018); *see also Miranda v. Cty. of Lake*, 900 F.3d 335, 353–54 (7th Cir. 2018).

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to clearly articulate a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A.

2) Plaintiff may file an amended complaint within 21 days or on or before August 19, 2021 clarifying his claim. If Plaintiff fails to file his proposed amended complaint on or before August 19, 2021 or fails to follow the Court's instructions and provide the necessary information, his case may be dismissed.

3) Plaintiff must immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

4)  The Clerk of the Court is to provide Plaintiff with a blank complaint form to assist him, and to reset the internal merit review deadline within 30 days.

ENTERED this 29th day of July, 2021.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE